IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-1448-G-BN |
| | § | |
| JOSEPH P. URSO, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The government has filed a Petition to Enforce Internal Revenue Service Summons served on Joseph P. Urso. *See* Dkt. No. 1. Senior United States District Judge A. Joe Fish has referred the petition to the undersigned magistrate judge under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 4.

On August 21, 2018, the Court held a show cause hearing, at which the government's counsel and Mr. Urso and his counsel appeared. *See* Dkt. No. 9.

For the reasons explained below, the Court should grant the Petition to Enforce Internal Revenue Service Summons served on Joseph P. Urso [Dkt. No. 1].

**Background**

On May 31, 2018, the government filed its Petition to Enforce IRS Summons, explaining that it seeks an order enforcing the IRS administrative summons served on Respondent Joseph P. Urso pursuant to 26 U.S.C. § 7602. *See* Dkt. No. 1 at 1. The petition further reports that "[t]his is a proceeding brought pursuant to Sections

7402(b) and 7604(a) of the Internal Revenue Code (Title 26, United States Code) for judicial enforcement of an IRS summons described below"; that "[t]he Court has jurisdiction over this proceeding pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1345"; that "[v]enue properly lies within this district"; that "[t]he IRS is conducting an examination of the federal income tax liabilities of Joseph P. Urso for tax years 2014-2015" and, "[m]ore specifically, ... seeks to determine whether respondent has any income that he did not report on his 2014 and 2015 federal income tax returns emanating from businesses, foreign or domestic investments, or financial accounts"; that "Jeffrey Bacon is a Senior Revenue Agent assigned to the IRS's Large Business and International Division's Global High Wealth Program" and "is authorized to issue administrative summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1"; and that, "[i]n furtherance of the examination and in accordance with 26 U.S.C. § 7602, on December 28, 2017, Senior Revenue Agent Bacon issued a summons directing respondent to appear at 5450 Stratum Drive, Suite 150, Fort Worth, Texas 76137 on January 19, 2018, at 1:00 p.m. and to provide testimony and produce for examination books, records, papers, and other data as described in the summons." *Id.* at 1-2.

According to the petition, "[o]n December 28, 2017, Senior Revenue Agent Bacon served the summons by personally delivering it to Charles Billings, an attorney who respondent authorized to accept service on his behalf," and Mr. Urso "failed to appear on January 19, 2018, as required by the summons." Dkt. No. 1 at 2.

-2-

In support of an order enforcing the summons, the government represents that "[t]he books, records, papers, and other data demanded in the summons are not already in the possession of the IRS"; that "[t]he information sought in the summons may be relevant to determine respondent's income for tax years 2014-2015 and his corresponding federal income tax liability"; that "[a]ll administrative steps as required by the Internal Revenue Code for issuance and service of the summons have been followed"; that "[t]here is no 'Justice Department referral,' as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to respondent for tax years 2014-2015"; and that the Declaration of Jeffrey Bacon, attached as an exhibit, establishes the government's *prima facie* showing under *United States v. Powell*, 379 U.S. 48, 57-58 (1964)." *Id.* at 2-3.

The government's petition requested that the Court issue an order to show cause directing Mr. Urso to show cause in writing why he should not fully comply with and obey the aforementioned summons. *See id.* at 3. The government further requests that, following a show cause hearing, "this Court enter an order directing respondent to appear before Senior Revenue Agent Jeffrey Bacon, or any other proper officer or employee of the Internal Revenue Service, and provide testimony and produce for examination books, records, papers and other data as required by the summons" and that "the United States of America recover its costs in this action." *Id.* at 4.

The Court then issued a Show Cause Order, that provided:

A show cause hearing is set for **July 18, 2018 at 10:00 a.m.** before Magistrate Judge David L. Horan, United States Courthouse, 1100 Commerce Street, Fifteenth Floor, Dallas, Texas 75242. Respondent

-3-

Joseph P. Urso is ordered to appear at this hearing, then and there to show cause why he should not fully comply with and obey the Internal Revenue Service ("IRS") summons served on December 28, 2017 by Senior Revenue Agent Jeffrey Bacon. A written response to the petition must be filed by **July 6, 2018**, and any reply in support of the petition must be filed by **July 13, 2018**. Mr. Urso may also notify the Court, in a writing filed with the Clerk of the Court and served on counsel for the United States at the address on the petition, by **July 6, 2018** that he has no objection to enforcement of the summons, and Mr. Urso's appearance at the hearing will then be excused.

A copy of this Show Cause Order, together with the petition and exhibits attached thereto, shall be served on Respondent Joseph P. Urso in accordance with Federal Rule of Civil Procedure 4(e) within 21 days of the date that this Show Cause Order is served on counsel for the United States or as soon thereafter as possible. Pursuant to Federal Rule of Civil Procedure 4.1(a), the Court specially appoints Senior Revenue Agent Jeffrey Bacon, or any other proper official of the IRS designated by the IRS, to serve Mr. Urso and make due return to the Court.

The Court warns Mr. Urso that a failure to comply with this Show Cause Order may subject him to sanctions for contempt of court.

Dkt. No. 5 at1-2.

The government then filed an Unopposed Motion to Continue Show Cause Hearing, in which it explained that, "[s]ince the Petition and Show Cause Order was served on Respondent (through his attorney, Charles Billings), Respondent has made a partial response to the summons" and has agreed to an interview as requested in the summons" and that "[t]he United States requests that the scheduled deadlines and hearing be continued for thirty days to allow the Respondent to produce additional information and appear at an interview." Dkt. No. 6 at 1.

The Court granted the motion and ordered that "[t]he deadlines set by the Court's 5 order are continued as follows. The show cause hearing is now set for August 17, 2018 at 10:00 a.m. before Magistrate Judge David L. Horan, United States

Courthouse, 1100 Commerce Street, Fifteenth Floor, Dallas, Texas 75242. A written response to the petition must be filed by August 6, 2018, and any reply in support of the petition must be filed by August 13, 2018. The deadline for Mr. Urso to notify the Court, per the instructions set by the Court's previous order, that he has no objection to enforcement of the summons is August 6, 2018." Dkt. No. 7. The Court later reset the show cause hearing to August 21, 2018 at 10:00 a.m. *See* Dkt. No. 8.

Mr. Urso did not file any written response to the petition, and his deadline to do so has passed. *See* Dkt. No. 7.

On August 21, 2018, the Court held the scheduled show cause hearing, at which the government's counsel and Mr. Urso, through his new counsel, appeared. *See* Dkt. No. 9.

### Legal Standards and Analysis

As the United States Supreme Court has recently explained, "[t]he Internal Revenue Service (IRS or Service) has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability. If the taxpayer fails to comply, the IRS may petition a federal district court to enforce the summons." *United States v. Clarke*, 134 S. Ct. 2361, 2364 (2014). "Congress has 'authorized and required' the IRS 'to make the inquiries, determinations, and assessments of all taxes' the Internal Revenue Code imposes." *Id.* at 2365 (quoting 26 U.S.C. § 6201(a)). "And in support of that authority, Congress has granted the Service broad latitude to issue summonses '[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of

any person for any internal revenue tax ..., or collecting any such liability.'" *Id.* (quoting 26 U.S.C. § 7602(a)). "Such a summons directs a taxpayer (or associated person) to appear before an IRS official and to provide sworn testimony or produce 'books, papers, records, or other data ... relevant or material to [a tax] inquiry.'" *Id.* (quoting 26 U.S.C. § 7602(a)(1); footnote omitted).

"If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court." *Id.* (citing 26 U.S.C. §§ 7402(b), 7604(a)). In an enforcement proceeding, "the IRS 'need only demonstrate good faith in issuing the summons.'" *Id.* (quoting *United States v. Stuart*, 489 U.S. 353, 359 (1989)); *see also id.* at 2364-65 ("In an enforcement proceeding, the IRS must show that it issued the summons in good faith."). "More specifically, that means establishing what have become known as the *Powell* factors: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed.'" *Id.* at 2365 (quoting *United States v. Powell,* 379 U.S. 48, 57-58 (1964)). Additionally, the summons must satisfy the statutory requirement of 26 U.S.C. § 7602(d), which precludes the issuance or enforcement of a summons once a "Justice Department referral" is in effect. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 317018 (1978). To make the required "showing, the IRS usually files an affidavit from the responsible investigating agent." *Clarke*, 134 S. Ct. at 2365.

"Once the Government has carried its burden of proving that the above requirements have been satisfied, the burden shifts to the party resisting the summons to challenge it on any appropriate ground," *United States v. McCoy*, 954 F.3d 1000, 1004 (5th Cir. 1992), including "that the IRS has failed to meet one of the four Powell requirements, or that the enforcement of the summons would abuse the court's process," *United States v. Barrett*, 837 F.2d 1341, 1345 (5th Cir. 1988) (en banc); *see also United States v. Battle*, 213 F. App'x 307, 309-10 (5th Cir. 2007) ("Accordingly, the burden shifts to [the taxpayer]: (1) to show the Government has failed to meet its burden under *Powell*; (2) to assert and prove that enforcement would constitute an abuse of the court's process; or (3) to show any other appropriate ground under which the summons should not be enforced."). "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58.

Thus, the taxpayer "has an opportunity to challenge that affidavit, and to urge the court to quash the summons 'on any appropriate ground.'" *Clarke*, 134 S. Ct. at 2365. More specifically, the "person receiving an IRS summons is ... entitled to contest it in an enforcement proceeding" and "must receive notice, and may present argument and evidence on all matters bearing on a summons's validity." *Id.* at 2367. But "courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'oversee[ing] the [IRS's] determinations to investigate.'" *Id.* (quoting

*Powell*, 379 U.S. at 56). And, "absent contrary evidence, the IRS can satisfy that standard by submitting a simple affidavit from the investigating agent." *Id.*

Here, the Declaration of Jeffrey Bacon establishes the government's *prima facie* showing of the *Powell* factors and Section 7602(d)'s statutory requirement, where he attests that the testimony and documents sought by the summons are not already in the IRS's possession, that all administrative steps required by the Internal Revenue Code for the issuance of a summons have been followed, that no Justice Department referral is in effect within the meaning of 26 U.S.C. § 7602(d)(2) with respect to Joseph P. Urso with respect to respondent for tax years 2014-2015, and that the information sought by the summons is necessary for the IRS to collect the federal tax liability of Mr. Urso for 2014 and 2015. *See* Dkt. No. 1-1 at 3-4 of 4.

Further, Mr. Urso was given notice of the show cause hearing and given the opportunity to present argument and evidence on all matters bearing on a summons's validity. *See* Dkt. Nos. 5 & 7. And, although it was not raised by Mr. Urso, the undersigned does not find that enforcement of the summons would be an abuse of the Court's power.

Mr. Urso appeared at the continued show cause hearing on August 21, 2018, through counsel, and reported that he would agree to appear for an interview on September 6, 2018 and would produce any outstanding documents responsive to the summons on September 6, 2018. The government, through counsel, agreed to this arrangement and, through Senior Revenue Agent Bacon, explained what document

requests appear to be outstanding and that the location for the interview is still being determined.

## Recommendation

As the parties requested and agreed, the undersigned recommends that the Court enter an order to grant the Petition to Enforce IRS Summons [Dkt. No. 1] and order that Joseph P. Urso fully comply with the Internal Revenue Service ("IRS") summons served on December 28, 2017 by Senior Revenue Agent Jeffrey Bacon by appearing for an interview with IRS personnel, at a location to be determined by the IRS, on September 6, 2018 and by producing all documents responsive to the summons by September 6, 2018.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE